I will not say in this case that the bill of sale, unaccompanied with possession, was not fraudulent under the 13 Eliz., ch. 5, nor will I say that the jury ought not so to have found it; but in my opinion the decision of that question properly and of right belonged to the jury. 'Tis the province of the court to expound the law, and it is as much the province of the jury to pass upon the facts. The trial by jury is guaranteed by the Constitution of the State, and Laws 1796, ch. 4, was passed for the purpose of preventing judges from giving opinions to the jury on matters of fact. The statute of 13 Eliz., ch. 5, declares that all conveyances made with intent to defraud creditors shall be void and of no effect; and whether a conveyance comes within the operation of that statute, whether it is made (323) with intent to defraud creditors or not, is a question of *Page 167 
fact which under all the circumstances of the case properly belongs to a jury to decide. In the absence of all other testimony a jury are at liberty to say, if they think fit, that a deed not accompanied with possession isper se fraudulent and void. Whether it is so or not is a matter of fact and not a question of law.
If in an action of trover a demand and refusal be found by special verdict a court would not give judgment on such verdict because a demand and refusal is not a conversion but only evidence of it; so when the question is whether a deed is fraudulent or not. If a jury should find the facts that a deed was absolute on the face of it but that the vendor remained in possession of the property conveyed by it, such finding would not authorize the court to give judgment because the facts so found would not per se make the deed void but would be only evidence of fraud; and I must here repeat what I said in McCree v. Houston, 7 N.C. 450, that the law was so understood when we separated from the mother country in 1776, for in the case of Codogan v. Kennith (Caw., 434) Lord Mansfield said that the statute of 13 Eliz. said not a word about possession, but that if the vendor remained in possession after a sale of goods as the visible owner it was evidence of fraud, because goods pass by delivery.
It is under these impressions that I regret my concurrence with the opinion given in Gaither v. Mumford, 4 N.C. 600. Nor have I formed the opinion which I am now giving without due consideration of the case of Edwards v. Harben (2 Term, 587), and Banford v. Bason (ib., 594, note A), and also Hamiltonv. Russell (1 Cranch, 310, 316). The line of demarkation between the functions of the court and those of the jury is so strongly drawn by the Constitution of the State and the act of 1796 (the latter declaring that it shall not be lawful for a judge to give an opinion to the jury, whether a fact is proved or not) that to yield to those authorities would be to (324) transcend it.